IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUCERO DIAZ, and LUCERO DIAZ on Behalf of GISELLE DIAZ,<br><br>*Plaintiffs*,<br><br>VS.<br><br>CHIEF OF POLICE WILLIAM MCMANUS, San Antonio Police Department, Individual and Official Capacities; POLICE OFFICER J. DE LA GARZA, #482, San Antonio Police Department, Individual and Official Capacities; DETECTIVE D. GROCE, #2530, San Antonio Police Department, Individual and Official Capacities; DETECTIVE C. PADILLA, #2511, San Antonio Police Department, Individual and Official Capacities; DETECTIVE L. ALBANO, #2509, San Antonio Police Department, Individual and Official Capacities; DETECTIVE S. GRATASKI, #2370, San Antonio Police Department, Individual andOfficial Capacities; and LT. W. GRONA, #4004, San Antonio Police Department, Individual and Official Capacities,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL CASE NO. SA-25-CV-1497-FB |

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are: (1) the Report and Recommendation of United States Magistrate Judge filed on December 23, 2025 (ECF No. 5); and (2) Plaintiffs' Motion for "Notice of Right to Object"/ "Notice of Right to Appeal" filed on January 14, 2026 (ECF No. 11), and Advisory filed on January 14, 2026 (ECF No. 13), which the Court will construe together as Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report

and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, United States Magistrate Judge Elizabeth S. Chestney recommends that Plaintiffs' Complaint (ECF No. 7) be DISMISSED as untimely filed pursuant to 28 U.S.C. § 1915(e). Plaintiffs disagree with the recommendation and believe their Complaint is timely due to equitable tolling and the "Mailbox" delivery rule. Plaintiffs assert equitable tolling should apply because Plaintiff s took their Complaint to a United States Post Office on November 12, 2025, and sent it by certified mail, return receipt requested, which was receipt was signed by the Clerk of Court on November 14, 2026. Additionally, under the "Mailbox" rule, the postmark date of November 12, 2025, should be considered the date of filing which would make the Complaint timely. Unfortunately, neither theory will save this case from dismissal.

As set forth in the Report, Plaintiff filed her proposed Complaint on November 14, 2025, asserting that on November 13, 2023, "she and her daughter were arrested by several officers with the San Antonio Police Department without probable cause during an illegal warrantless search and seizure of her home." Report, ECF No. 5 at page 3. The Report continues by explaining:

> According to Plaintiff, she and her daughter were subjected to excessive force during the arrest due to handcuffs being placed too tightly on their wrists, causing bruises and swelling, and the officers did not provide them with the requisite warnings under Miranda in violation of the Fourth and Fifth Amendments. The causes of action asserted in Plaintiff's proposed Complaint all arise under Section 1983 and stem from

> Plaintiff's allegedly illegal arrest on November 13, 2023. Accordingly, Plaintiff's causes of action accrued on that date, meaning for her lawsuit to be timely it must have been filed by November 13, 2025. Plaintiff filed her suit on November 14, 2025, one day late.
>
> Plaintiff's proposed Complaint is accompanied by a request for tolling based on excusable neglect. The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling applies only in "rare and exceptional circumstances" and requires a plaintiff to demonstrate diligent pursuit of her rights and that she was somehow prevented from timely filing due to factors beyond her control. *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Ignorance of the law, even for *pro se* parties, or delays of one's own making do not constitute excusable neglect or justify equitable tolling. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). Plaintiff has not identified any extraordinary circumstances in her filings or argued that she was somehow prevented from timely exercising her rights, only that she was not aware of the statute of limitations. Nor has Plaintiff demonstrated diligence in pursuing the claims asserted in her proposed Complaint. Accordingly, there is no basis for equitable tolling under the law.

*Id.* at pages 3-4 (footnote omitted).

In addition, Plaintiffs assert they should get the benefit of the "Mailbox" rule which uses the postmark date as the date of filing. However, the rule Plaintiffs seek to invoke is the federal "prison-mailbox rule" which does not apply to *pro se* plaintiffs. *Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 F. App'x 329, 333 (5th Cir. 2021). As a result, Plaintiffs' Complaint, asserting claims pursuant to 42 U.S.C. § 1983, was filed when it was received by the Clerk of Court on November 14, 2025. *Nagy v. McGrath*, No. 3:22-cv-1627-X-BN, 2022 WL 18588074, at *3 (N.D. Tex. Sept. 13, 2022) (because plaintiff was not incarcerated, "the prison mailbox rule - or when [plaintiff] mailed his notice . . . - is not consequential"; the notice was filed when it was "received by the clerk"), *report and recommendation adopted*, No. 3:22-cv-1627-X-BN, 2023 WL 2065081 (N.D. Tex. Feb. 16, 2023); *Casas v. City of Fort Worth Police Dep't.,* Civil Action No. 4:15-CV-872-O, 2017 WL

3638321, at *4-5 (N.D. Tex. May 17, 2017) (the time within which an action pursuant to 42 U.S.C. § 1983 must be brought is governed by the Federal Rules of Civil Procedure; rule 3 of the Federal Rules of Civil Procedure states an action is "commenced by filing a complaint with the court"), *report and recommendation adopted*, No. 4:15-CV-872-O, 2017 WL 3620572 (N.D. Tex. Aug. 23, 2017).

The Court has reviewed the Plaintiffs' Objections and has conducted a de novo review of only those issues properly raised in the objections which are not frivolous, conclusive, or general in nature. The Court finds, after careful consideration of the record and the Report and Recommendation, that the Plaintiff's objections lack merit and are overruled. Therefore, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (ECF No. 5).

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge filed in this cause on December 23, 2025 (ECF No. 5), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Complaint is DISMISSED as untimely filed pursuant to 28 U.S.C. § 1915(e).

IT IS FURTHER ORDERED that motions pending, including ECF numbers 2, 3, and 12, are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE